**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MIKAELA ARMSTEAD, and KARIEL JONES, individually and on behalf of similarly situated waitresses,<br><br>Plaintiffs,<br><br>v.<br><br>VJC HOSPITALITY OF SMYRNA, INC. and VICTOR COMASTRO,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO.:_____<br><br><br>FLSA COLLECTIVE ACTION<br><br><br>JURY DEMAND |

## COMPLAINT

COME NOW MIKAELA ARMSTEAD and KARIEL JONES, individually and on behalf of similarly situated waitresses, and, by and through their attorneys, file their Complaint for violation of the minimum wage, overtime, and tip provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended (hereafter "FLSA"), against Defendants VJC HOSPITALITY OF SMYRNA, INC. and VICTOR COMASTRO (collectively "Defendants") and show:

## INTRODUCTION

1. Plaintiffs Mikaela Armstead and Kariel Jones (collectively "Plaintiffs") and the collective action members are current or former waitresses of

Defendants who were (i) not paid the minimum and/or overtime wage, (ii) required to share with tips with ineligible employees; and (iii) required to pay various fees, tip-outs and other expenses to work for Defendants. They seek recovery of their lost minimum and overtime wages, including the fees and expenses they paid to work, an equal amount in liquidated damages, and reasonable attorneys' fees and costs incurred as a result of Defendants' unlawful activities.

## JURISDICTION AND VENUE

2.This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the FLSA.

3.Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Defendants' restaurant is located in this District and Plaintiffs worked in this District.

## PARTIES

4.Plaintiff MIKAELA ARMSTEAD ("Armstead") worked for Defendants as a waitress during the past three (3) years. Armstead is an employee within the meaning of the FLSA.

5.Plaintiff KARIEL JONES ("Jones") worked for Defendants as a waitress during the past three (3) years. Jones is an employee within the meaning of the FLSA.

6. The collective action members are current or former waitresses who were employed by Defendants during the past three (3) years.

7. Defendant VJC HOSPITALITY OF SMYRNA, INC. ("VJC Smyrna") is a corporation organized and existing under the laws of the State of Georgia. VJC Smyrna may be served at its principal office or registered agent located in Smyrna, Georgia. At all times mentioned herein, VJC Smyrna was an employer of each Plaintiff within the meaning of 29 U.S.C. § 203(d).

8. Defendant VICTOR COMASTRO ("Comastro") is the owner and an employee, officer and director of VJC Smyrna. Comastro acted directly or indirectly on behalf of VJC Smyrna with respect to Plaintiffs' compensation and other terms and conditions of their employment, and, at all times mentioned herein was an "employer" or joint employer of Plaintiff within the meaning of the FLSA.

## COMMON FACTUAL ALLEGATIONS

9. During the three years prior to the filing of this complaint (hereinafter "the relevant time period") Defendants owned and operated Chicago Pizza and Sports Grille, a Smyrna, Georgia restaurant and sports bar (hereinafter the "Restaurant").

10. Plaintiffs and the collective action members are current and former waitresses employed by Defendants at the Restaurant during the relevant time

period.

11. The Restaurant serves alcohol and food to its customers out of two discrete sections.

12. One section is a full-service restaurant in which customers are served food and alcohol by waitresses.

13. The other section of the Restaurant is an adults-only lounge and bar.

14. Plaintiffs were employed as waitresses at the Restaurant during the relevant time period.

15. As waitresses, Plaintiffs served food and alcohol to the Restaurant's customers, bussed tables, re-stocked service items, and cleaned the tables and the premises.

16. Armstead worked as a waitress from on or about February 2021 until May 2023.

17. Jones worked as a waitress from on or about March 2021 until May 6, 2024.

18. During most of the year, Armstead was scheduled to work from 4:00 p.m. until closing (2:00 a.m.).

19. Armstead worked this shift Friday, Saturday, Sunday, and one day during the week.

20. During the football season, in addition to her regular Friday, Saturday, and weekday shifts, Armstead was scheduled to work on Sunday from 10:00 a.m. to 2:00 a.m.

21. During most of the year, Jones was scheduled to work from 6:00 p.m. until closing (2:00 a.m.).

22. Jones worked this shift Thursday, Friday, Saturday, and Sunday.

23. During the football season, in addition to her regular Thursday, Friday, and Saturday shifts, Jones was scheduled to work on Sunday from 11:00 a.m. to 2:00 a.m.

24. Prior to the beginning of their shifts, Armstead and Jones were required to spend thirty minutes to prepare the Restaurant for opening.

25. After closing, Armstead and Jones were required to clean the Restaurant which took an additional thirty minutes to an hour after each shift.

26. During most of the year, Armstead worked a minimum of 44 hours per week.

27. During the football season, Armstead worked a minimum of 50 hours per week.

28. During most of the year, Jones worked a minimum of 36 hours per week.

29. During the football season, Jones worked a minimum of 43 hours per week.

30. Armstead and Jones were required to attend employee meetings.

31. Defendants did not pay the full hourly minimum wage to Plaintiffs or any other waitress working at the Restaurant.

32. Instead, Plaintiffs and other waitresses were purportedly compensated in the amount of $2.13 per hour and Defendants utilized the tip credit to pay the remaining hourly wage required under the FLSA.

33. Plaintiffs and other waitresses were required to wear a uniform and pay for two or three uniforms each month at the cost of $40 to $80 for each uniform.

34. At the end of every shift, Defendants required Plaintiffs and other waitresses to pay a share of their earned tips to a tip pool.

35. Plaintiffs were required to share their tips with kitchen employees of the Restaurant, who were not eligible to share in the tip pool under the tip credit provisions of the FLSA.

36. Additionally, when a Restaurant customer did not pay all or some of its bill for food or alcohol, Defendants required Plaintiffs to cover the cost of the unpaid bill out of their tips.

37. The required costs, fees and expenses were a condition of Plaintiffs' employment and are recoverable as part of Plaintiffs' wage loss under the FLSA.

38. At all times during the relevant time period, Comastro was an owner, officer, and director of the Restaurant and involved in the day-to-day operation of the Restaurant.

39. During the relevant time period, Comastro made significant decisions affecting the employment and compensation of Plaintiffs and the collective action members, including but not limited to the decision to (i) not pay them the minimum wage required by the FLSA; (iii) not pay them the overtime wage required by the FLSA; and (iii) require Plaintiffs and the collective action members to participate in an unlawful tip pool and pay costs and fees to work in violation of the FLSA.

40. Upon information and belief, Comastro was the only person affiliated with the Restaurant vested with the authority to change employees' compensation structure to comply with the FLSA.

41. At all times during the relevant time period, the Restaurant was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA.

42. At all times during the relevant time period, the Restaurant was an

enterprise engaging in interstate commerce by having multiple employees regularly selling alcoholic beverages produced and shipped from outside of the State of Georgia, regularly serving foods produced and shipped from outside of the State of Georgia, and having multiple employees regularly processing out-of-state credit card sales in the furtherance of its business.

43. During 2021, 2022, 2023, and 2024, the Restaurant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

44. At all times during the relevant time period, the Restaurant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in the FLSA.

45. At all times during the relevant time period, Plaintiffs and the collective action members were not exempt from the minimum wage requirements of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

47. The Restaurant maintained a policy and practice of (i) not paying waitresses the minimum and overtime wage required by law; (ii) requiring their waitresses to share tips with ineligible employees; and (iii) taking fees and costs from waitresses' wage and tips which caused their income to fall below the minimum wage.

48. VJC Smyrna's unlawful policies and procedures, as described herein, were applied to all waitresses working for the Restaurant during the past three (3) years.

49. Like the Plaintiffs, there are members of the putative collective action who are or were subject to the same FLSA violations and who wish to join this lawsuit. These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

50. Defendants can readily identify these similarly situated waitresses through its business records and produce their contact information to Plaintiffs' counsel.

51. The putative class includes:

All waitresses who worked at the Restaurant during the past three (3) years.

## COUNT I
## VIOLATION OF 29 U.S.C. §§ 206

52. Plaintiffs re-allege and incorporate by reference the above paragraphs

as if fully set forth herein.

53. At all times material hereto, Plaintiffs and the collective action members were or are employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA, 29 U.S.C. § 206.

54. Each Defendant is an "employer" or joint employer of Plaintiffs and the collective action members within the meaning of the FLSA, 29 U.S.C. § 203(d).

55. VJC Smyrna was engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

56. VJC Smyrna operates/operated an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has/had employees engaged in commerce and its annual gross volume of sales was more than $500,000 in 2021 – 2024.

57. Plaintiffs consent to sue in this action pursuant to 29 U.S.C. § 216(b).

58. A consent to sue executed by each Plaintiff is attached to this Complaint.

59. At all times material hereto, Defendants failed to compensate Plaintiffs and the collective action members at an hourly rate above or equal to the minimum wage.

60. The tip pool described herein violates that tip credit provisions of the FLSA.

61. Plaintiffs and the collective action members are entitled to payment of their minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

62. Defendants' requirement that waitresses pay fees and expenses as a condition of their employment violated the "free and clear" requirement of 29 CFR 531.35, thereby constituting unlawful kickbacks in violation of the FLSA.

63. Defendants willfully violated the FLSA.

64. As a result of Defendants' willful underpayment of minimum wages as alleged above, Plaintiffs and the collective action members are entitled to liquidated damages in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

65. As a result of their violation of the minimum wage provisions of the FLSA, Defendants are jointly and severally liable to Plaintiffs and the collective action members for their litigation costs, including their reasonable attorney's fees, in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

## COUNT II
**OVERTIME WAGE CLAIM (Violation of 29 U.S.C. § 207)**

66. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

67. Armstead worked over forty hours per week every other week during her employment with Defendants.

68. During the football season, Jones worked over forty hours per week every other week during her employment with Defendants.

69. Defendants failed to pay Armstead, Jones, and all others similarly situated the applicable overtime wage (one and one-half their regular rate of pay) for each hour in excess of forty (40) during each workweek in which they worked in violation of 29 U.S.C. § 207.

70. The collective action members worked hours in excess of 40 in workweeks for which they were not compensated at the rate of one and one-half their regular rate of pay.

71. Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiffs and the collective action members the overtime wage required under the FLSA.

72. There is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds.

73. Due to Defendants' willful FLSA violations, Armstead, Jones, and the collective action members are entitled to recover from Defendants, overtime wage compensation and an equal amount in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## COUNT III
## UNLAWFUL TAKING OF TIPS (Violation of 29 U.S.C. § 203)

74. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

75. Under the FLSA:

> [a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit.

29 U.S.C. § 203.

76. Defendants retained a portion of Plaintiffs' and the collective action members' tips by requiring them to pay the fees and costs identified herein. in violation of the FLSA.

77. As a result of Defendants willful violation of FLSA, Plaintiffs and the collective action members are entitled to recover, under the FLSA, all tips kept by the employer, any tip credit claimed by Defendants, an equal amount in liquidated damages, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the collective action members respectfully

pray that this Court grant relief as follows:

a) Certify this as a collective action and issue notice to collective action members;

b) Issue a declaratory ruling that Plaintiffs are employees under the FLSA and Defendants are employers/joint employers under the FLSA;

c) As to Count I, award Plaintiffs and the collective action members judgment for wages at the minimum rate, including the recovery of all payments reducing wages below the minimum wage, as well as liquidated damages, interest and attorneys' fees as provided for under the FLSA;

d) As to Count II, award Plaintiffs and the collective action members judgment for overtime wages, including the recovery of all payments reducing wages below the overtime wage, as well as liquidated damages in an equal amount, interest and attorneys' fees as provided for under the FLSA;

e) As to Count III, award Plaintiffs and the collective action members judgment for the recovery of all tips kept by the employer, an equal amount in liquidated damages and reasonable attorneys; fees under the FLSA and TIPA;

f) Award Plaintiffs' and the collective action members' costs of this action;

g) Grant Plaintiffs and the collective action members a trial on all issues so triable; and

h) Award Plaintiffs and the collective action members such other and further relief as the Court may deem just and proper.

This 26th day of June, 2024.

                                        DUDLEY LAW, LLC

                                      */s/Ainsworth G. Dudley*
                                      Ainsworth G. Dudley
                                      Georgia Bar No. 231745

4200 Northside Parkway NW
Building One, Suite 200
Atlanta, Georgia 30327
Tel. 404.237.2150
adudleylaw@gmail.com

                                      GRAHAM LAW, LLC

                                      */s/Mitchell Graham*
                                      Mitchell Graham
                                      Georgia Bar No. 121079

4200 Northside Parkway NW
Building One, Suite 200
Atlanta, GA 30327
Tel. 404.237.2500, ext. 3349
Fax 404.365.6560
mitchell@lawnet.org